**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Eugene P. Harrison, *a/k/a Eugene Paul Harrison, Sr.*, | C/A No.: 9:20-cv-00809-RMG |
| Plaintiff, | **ORDER** |
| v. | |
| Dr. Carey L. Christianson, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and the case is dismissed without prejudice and without issuance and service of process.

**I.    Background**

Eugene P. Harrison ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Dr. Carey L. Christianson alleging claims of medical malpractice. (Dkt. No. 1 at 3, 6–8; Dkt. No. 12.) Plaintiff is a diabetic. (Dkt. No. 1 at 5.) He alleges that on July 16, 2019, he went to Coastal Carolina Emergency Department seeking treatment for his right foot. *Id.* Plaintiff alleges Defendant advised him to soak his foot in warm water for about half an hour twice per day and use a filer to shave down dead skin. *Id.* at 6. Plaintiff claims that his foot later became swollen and painful and he could not walk. *Id.* at 7. Plaintiff alleges he then went to Beaufort Memorial Hospital Emergency Department where an emergency room physician questioned why

Defendant instructed Plaintiff to soak his foot. *Id.* The doctor at Beaufort Memorial prescribed Plaintiff antibiotics and referred Plaintiff to a foot care specialist. *Id.*

On March 16, 2020, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's complaint for failure to state a claim that arises under federal question jurisdiction. 28 U.S.C. § 1331. (Dkt. No. 13.)

## II. Legal Standard

### A. Pro Se Pleadings

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence

of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff has not filed objections and the R & R is reviewed for clear error.

## III. Discussion

After thorough review of the R & R, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed.

The Magistrate Judge liberally construed Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983. (Dkt. No. 13 at 2.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the Complaint fails to allege a violation of any federal law or constitutional provision. Plaintiff alleges the basis for this Court's jurisdiction is "Medical Malpractice—personal injury." (Dkt. No. 1 at 3, 6–7.) However, a claim for mere negligence or malpractice is not actionable under 42 U.S.C. § 1983. *Militier v. Boern*, 896 F.2d 848, 852 (4th Cir. 1990) (quoting *See Estelle v. Gamble*, 429 U.S. 97, 104–106 (1976) (noting that mere negligence or malpractice does not violate the Eighth Amendment).

In addition, Plaintiff has not alleged Defendant acted under color of state law. To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1983).

3

In this case, Defendant is a private physician, not a public employee. (Dkt. No. 1 at 2.) Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or the Fourteenth Amendment. *See Lugar*, 457 U.S. at 936. Although a private individual or corporation can act under color of state law, the action must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." *Dennis* v. *Sparks*, 449 U.S. 24, 27 (1980). Plaintiff fails to allege the actions of Defendant were anything other than private conduct. Thus, Plaintiff has failed to state a claim under § 1983.

Alternatively, to the extent that Plaintiff attempts to set forth a cause of action for medical malpractice under South Carolina law, this Court does not have jurisdiction to hear it. Federal courts may hear and decide state-law claims in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. § 1367; *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise supplemental jurisdiction over Plaintiff's state-law claim, if any exists. *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999).

While a civil action for a state-law claim would also be cognizable in this Court under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a). Here, Plaintiff's Complaint indicates that the parties to this action are all residents of South Carolina. (Dkt. No. 1 at 2.) *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–374 (1978). Thus, diversity of citizenship does not exist.[1]

---

[1] The Magistrate Judge also correctly notes that a medical malpractice claim under South Carolina law requires a plaintiff to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ." S.C. Code Ann. § 15-36-100(B). A failure to do so requires dismissal of the case in state court. *Allen v. United States*, No. 2:13-CV-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr. 1, 2015).

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the Order of the Court and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

April 7, 2020
Charleston, South Carolina